NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0483n.06

No. 18-3169

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 26, 2018
DEBORAH S. HUNT, Clerk

NOEL A. CUMMINGS,                      )
                                       )
        Plaintiff-Appellant,           )
                                       )
v.                                     )        ON APPEAL FROM THE UNITED
                                       )        STATES DISTRICT COURT FOR THE
GREATER CLEVELAND REGIONAL             )        NORTHERN DISTRICT OF OHIO
TRANSIT AUTHORITY, MICHAEL C.          )
YORK, JOSEPH CALABRESE, and            )        OPINION
SCOTT FERRARO,                         )
                                       )
        Defendants-Appellees.          )
                                       )
_____        )

Before: GILMAN, KETHLEDGE, and BUSH, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** In this employment-discrimination case, Noel A. Cummings seeks to proceed with a lawsuit against the Greater Cleveland Regional Transit Authority (GCRTA) and three of its employees based on the termination of her employment. But she settled an earlier case against GCRTA that released GCRTA and all of its employees from any and all claims related to Cummings's employment with the company. At issue here is whether that settlement agreement precludes the current suit under the doctrine of res judicata.

In August 2014, Cummings filed a complaint against GCRTA and four of its employees, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and under 42 U.S.C. § 1983. *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 88 F. Supp. 3d 812, 815 (N.D. Ohio 2015) (*Cummings I*). That complaint alleged that Cummings was discriminated against by being placed on "crisis suspension" for refusing training and refusing

to sign a mandatory "employee-assistance-program referral." While that case was still pending, Cummings's employment with GCRTA was terminated. Two days later, the parties settled *Cummings I.* That settlement released and discharged GCRTA and all of its employees "from any and all claims . . . , whether presently known or unknown, arising out of or related in any way to her employment with the GCRTA . . . ."

In the present suit, Cummings sued GCRTA, Michael C. York (individually and as Deputy General Manager of Operations at GCRTA), Joseph Calbrese (individually and as General Manager and Chief Executive of GCRTA), and Scott Ferraro (individually and as Director of Labor and Employee Relations at GCRTA). The complaint asserts two Title VII violations and two § 1983 violations.

Cummings alleges that by wrongfully terminating her employment, the defendants treated her differently than they subsequently treated a similarly situated male employee. Specifically, she alleges that Richard Newell—Director of Service Quality Management at GCRTA and Cummings's former supervisor—initiated a physical confrontation with another GCRTA employee and was placed on "decision-making leave" by the defendants but was not discharged. All of the disciplinary actions regarding Newell took place after Cummings's employment was terminated and her prior case was settled.

The district court granted the defendants' motion to dismiss because the doctrine of res judicata precludes Cummings's claims. Specifically, the court held that Cummings's claims in the present suit are covered by the settlement agreement. [*Id.*]

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we agree with the district court's dismissal of Cummings's complaint. Because the reasoning that supports the dismissal of her complaint has been clearly articulated by the district court, the

issuance of a detailed written opinion by this court would be unduly duplicative. Accordingly, the

decision rendered by the Honorable Sara Lioi, United District Judge for the Northern District of

Ohio, Eastern Division, is **AFFIRMED** on the basis of the reasoning detailed in her Memorandum

Opinion and Order dated January 17, 2018.